JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
The State of Ohio appeals from a judgment of the Common Pleas Court granting Jeffrey Barnett's motion for expungement in connection with his conviction for aggravated assault. The State complains the court failed to conduct a hearing and Mr. Barnett is not entitled to have his record sealed pursuant to R.C. 2953.36. After a review of the record and the applicable law, we reverse the judgment of the trial court.
The record reveals a grand jury indicted Mr. Barnett on one count each of aggravated burglary in violation of R.C. 2911.11, which included a violence specification, and of aggravated assault in violation of R.C.2903.12. Mr. Barnett pled not guilty to both charges. On March 14, 1990, the court conducted a bench trial and found him not guilty of aggravated burglary, but guilty of aggravated assault, the lesser included offense. Thereafter, the court sentenced him to a term of imprisonment for one and a half years to five years. The court suspended his sentence, ordered Mr. Barnett to serve three days in the county jail, placed him on probation for two years, required him to pay restitution to the mother of his child and victim, Deborah Siomerka, obtain full-time employment and complete a family violence program. On May 3, 2000, after complying with the court's order, Mr. Barnett filed a motion to seal his criminal record, which the court later granted. The State appeals from this decision and raises two assignment of errors. They state:
 I. A TRIAL COURT ERRS IN RULING ON A MOTION FOR EXPUNGEMENT FILED PURSUANT TO R.C. 2953.32 WITHOUT FIRST HOLDING A HEARING. (R.C. 2953.32(B), STATE V. HAMILTON (1996), 75 OHIO ST.3d 363, STATE V. SALTZER (1984), 14 OHIO APP.3d 394, FOLLOWED).
 II. A TRIAL COURT ERRS IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO AN APPLICANT WHO WAS CONVICTED OF A CRIME OF VIOLENCE, NOT ALLOWED BY R.C. 2953.36.
The State argues that the court failed to conduct a hearing on Mr. Barnett's motion for expungement and then erroneously granted it. Mr. Barnett maintains that the State failed to file any objections to his motion, thereby waiving any right to raise the issue on appeal, and that the court properly granted his motion.
Since the second assignment of error is dispositive in this case, we move directly to the issue of whether the court properly granted the motion for expungement. See App.R. 12(A)(1)(c).
We begin by noting R.C. 2953.32 states, in pertinent part:
 (A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, * * *, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
* * *
 (2) If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction * * * are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (G) of this section, shall order all official records pertaining to the case sealed * * *.
However, R.C. 2953.36 prohibits expungement in the following circumstance:
 (C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree;
R.C. 2901.01 defines an offense of violence as a violation of section * * * 2903.12.
In the instant case, we note the court convicted Mr. Barnett of aggravated assault in violation of R.C. 2903.12 which is both an offense of violence as defined in R.C. 2901.01 and a felony. According to R.C.2953.36, Mr. Barnett is not entitled to an expungement of this conviction. Therefore, the trial court erred when it sealed his criminal record. Thus, the State's second assignment of error is well taken and the judgment of the trial court is reversed and appellee's expungement is vacated.
Judgment reversed.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.